**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 16-4622

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CHARLES ABRAMS, a/k/a Charles Edwin Klutz, a/k/a Charles Edwin Donovan,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:14-cr-00205-GCM-DCK-1)

Submitted: June 30, 2017                       Decided: July 13, 2017

Before GREGORY, Chief Judge, and MOTZ and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric A. Bach, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Abrams pled guilty, pursuant to a written plea agreement, to conspiracy to engage in securities and wire fraud, 18 U.S.C. § 371 (2012), and was sentenced to a below-Guidelines sentence of 30 months' imprisonment. Abrams appeals. Abrams' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Abrams' guilty plea was valid and whether his sentence is reasonable. Although advised of his right to file a pro se supplemental brief, Abrams has not done so.

Before accepting a guilty plea, the court must conduct a plea colloquy in which it informs the defendant of, and determines that he comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary in that it did not result from force, threats, or promises outside the plea agreement, and is supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Our review of the transcript reveals that the district court fully complied with the requirements of Fed. R. Crim. P. 11, that a factual basis supported the plea, and that Abrams' plea was knowingly and voluntarily entered. Accordingly, we find that Abrams' guilty plea was valid.

Next, counsel questions whether Abrams' sentence is reasonable. This court reviews a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552

2

U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. *Id.* at 49-51. Only after determining that the sentence is procedurally reasonable does this court consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the sentencing transcript reveals no procedural errors. The district court accurately calculated Abrams' advisory Guidelines range, gave the parties the opportunity to present argument and Abrams the opportunity to allocute, considered the § 3553(a) factors, and adequately explained its reasons for imposing the sentence. We further find that Abrams has not met his burden of rebutting the presumption that his below-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Abrams' conviction and sentence. This court requires that counsel inform Abrams, in writing, of the right to

3

petition the Supreme Court of the United States for further review. If Abrams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Abrams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*